UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELWYN KARP,<br><br>        Plaintiff,<br><br>        v.<br><br>NEW YORK COMMUNITY BANCORP, INC., DOMINICK CIAMPA, HANIF "WALLY" DAHYA, LESLIE D. DUNN, JAMES J. O'DONOVAN, LAWRENCE ROSANO, JR., RONALD A. ROSENFELD, LAWRENCE J. SAVARESE, JOHN M. TSIMBINOS, THOMAS R. CANGEMI, ROBERT WANN and 615 CORP., FLAGSTAR BANCORP, INC.,<br><br>        Defendants. | Case No.: 21-5505<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Selwyn Karp ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself and information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 26, 2021 (the "Proposed Transaction"), pursuant to which Flagstar Bancorp, Inc. ("Flagstar" or the "Company") will be acquired by New York Community Bancorp, Inc. ("Parent") and 615 Corp. ("Merger Sub," and together with Parent, "NYCB").

2. On June 11, 2021, Defendants jointly filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

3. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, Plaintiff alleges herein that Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

5. Personal jurisdiction exists over each Defendant either because Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendants by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper in this District under Section 27 of the Exchange Act and 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District.

## PARTIES

7. Plaintiff is a citizen of New York and, at all times relevant hereto, a NYCB stockholder.

8. ***Defendant Dominick Ciampa*** ("Ciampa") is a director of the Company.

9. ***Defendant Hanif "Wally" Dahya*** ("Dahya") is a director of the Company.

10. ***Defendant Leslie D. Dunn*** ("Dunn") is a director of the Company.

11. ***Defendant James J. O'Donovan*** ("Donovan") is a director of the Company.

12. ***Defendant Lawrence Rosano, Jr.*** ("Rosano") is a director of the Company.

13. ***Defendant Ronald A. Rosenfeld*** ("Rosenfeld") is a director of the Company.

14. ***Defendant Lawrence J. Savarese*** ("Savarese") is a director of the Company.

15. ***Defendant John M. Tsimbinos*** ("Tsimbinos") is a director of the Company.

16. ***Defendant Thomas R. Cangemi*** ("Cangemi") is a director of the Company, and President and Chief Executive Officer ("CEO").

17. ***Defendant Robert Wann*** ("Wann") is a director of the Company.

18. Defendants identified in ¶¶ 8-17 are collectively referred to as the "Individual Defendants."

19. Defendant Flagstar is a Michigan corporation and a party to the Proposed Transaction. Flagstar's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "FBC."

20. Defendant NYCB is headquartered in Westbury, New York, with 225 branches in New York, New Jersey, Ohio, Florida, and Arizona.

21. Defendant Parent is a New York corporation and a party to the Proposed Transaction.

22. Defendant Merger Sub is a New York corporation, a wholly-owned subsidiary of Parent, and a party to the Proposed Transaction.

**FACTS**

23. According to the press release announcing the Proposed Transaction:

New York Community Bancorp, Inc. (NYSE: NYCB) ("New York Community") and Flagstar Bancorp, Inc. (NYSE: FBC) ("Flagstar"), jointly announced today that they have entered into a definitive merger agreement under which the two companies will combine in an all stock merger.

Under terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, Flagstar shareholders will receive 4.0151 shares of New York Community common stock for each Flagstar share they own. Following

3

completion of the transaction, the New York Community shares held by New York Community shareholders immediately prior to the transaction are expected to collectively represent approximately 68% of the combined company and the New York Community shares issued to Flagstar shareholders in the merger are expected to represent approximately 32% of the combined company. The implied total transaction value based on closing prices as of April 23, 2021 is approximately $2.6 billion. . . .

Thomas R. Cangemi will be President and Chief Executive Officer of the combined company and Alessandro (Sandro) P. DiNello, Flagstar's current President and Chief Executive Officer, will become Non-Executive Chairman with John Pinto serving as Senior Executive Vice President and Chief Financial Officer of the combined company. Lee M. Smith will continue to lead the mortgage division as Senior Executive Vice President and President of Mortgage and Reginald Davis will head up consumer and commercial banking and serve as Senior Executive Vice President and President of Banking. The remaining key roles will combine the best talent from both companies. The Board of Directors will be comprised of 12 directors – eight from New York Community and four from Flagstar. . . .

Piper Sandler & Co. and Goldman Sachs & Co. LLC served as financial advisors to New York Community in connection with the transaction. Sullivan & Cromwell LLP served as legal advisor.

Morgan Stanley & Co. LLC and Jefferies LLC acted as financial advisors to Flagstar. Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor.

## **FALSE AND MISLEADING JOINT REGISTRATION STATEMENT**

### **The Registration Statement Omits Material Information**

24.     Defendants filed the joint Registration Statement with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the joint Registration Statement failed to include material information described below.

26.     The joint Registration Statement omitted material information concerning the analyses performed by Morgan Stanley & Co. LLC ("Morgan Stanley") and Jefferies LLC ("Jefferies").

27. With respect to Morgan Stanley's Flagstar Public Trading Comparables Analysis, the joint Registration Statement failed to include the individual multiples and metrics for the companies observed in the analysis.

28. With respect to Morgan Stanley's Flagstar Dividend Discount Analysis, the joint Registration Statement failed to disclose: (i) Morgan Stanley's basis for applying a 5.0% annual growth rate; (ii) Morgan Stanley's basis for applying the range of multiples used in the analysis; (iii) the projected dividends used in the analysis; (iv) the terminal values used in the analysis; and (v) the individual inputs and assumptions underlying the discount rates.

29. With respect to Morgan Stanley's Flagstar Analyst Price Targets Analysis, the joint Registration Statement failed to disclose: (i) the price targets used in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate.

30. With respect to Morgan Stanley's NYCB Public Trading Comparables Analysis, the joint Registration Statement failed to disclose the individual multiples and metrics for the companies observed in the analysis.

31. With respect to Morgan Stanley's NYCB Dividend Discount Analysis, the joint Registration Statement failed to disclose: (i) Morgan Stanley's basis for applying a 5.0% annual growth rate; (ii) Morgan Stanley's basis for applying the range of multiples used in the analysis; (iii) the projected dividends used in the analysis; (iv) the terminal values used in the analysis; and (v) the individual inputs and assumptions underlying the discount rates.

32. With respect to Morgan Stanley's NYCB Analyst Price Targets Analysis, the joint Registration Statement failed to disclose: (i) the price targets used in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate.

33. With respect to Morgan Stanley's *Pro Forma* Dividend Discount Analysis, the Registration Statement failed to disclose: (i) Morgan Stanley's basis for applying the range of multiples used in the analysis; (ii) the projected dividends used in the analysis; (iii) the terminal values used in the analysis; and (iv) the individual inputs and assumptions underlying the discount rates.

34. With respect to Jefferies' Selected Public Companies Analyses for Flagstar and NYCB, the joint Registration Statement failed to disclose the individual multiples and metrics for the companies observed in the analysis.

35. With respect to Jefferies' Dividend Discount Analysis for Flagstar, the Registration Statement failed to disclose: (i) Jefferies' basis for applying a 5.0% annual growth rate; (ii) Jefferies' basis for applying the range of multiples used in the analysis; (iii) 2027 net income used in the analysis; (iv) the terminal values used in the analysis; and (v) the individual inputs and assumptions underlying the discount rates.

36. With respect to Jefferies' Dividend Discount Analysis for NYCB, the Registration Statement failed to disclose: (i) Jefferies' basis for applying a 5.0% annual growth rate; (ii) Jefferies' basis for applying the range of multiples used in the analysis; (iii) 2027 net income used in the analysis; (iv) the terminal values used in the analysis; and (v) the individual inputs and assumptions underlying the discount rates.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. The omission of the above-referenced material information renders the Registration Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## **COUNT I**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that communications with stockholders in a recommendation statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42. Defendants have issued the joint Registration Statement with the intention of soliciting stockholders support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the joint Registration Statement, which fails to provide critical information.

43. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Defendants, by virtue of

7

their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the joint Registration Statement, but nonetheless failed to obtain and disclose such information to unitholders although they could have done so in the ordinary course of their duties.

44. Defendants knew or were negligent in not knowing that the joint Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading.

45. Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

46. Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the joint Registration Statement, rendering the sections of the joint Registration Statement identified above to be materially incomplete and misleading. Indeed, Defendants were required to be particularly attentive to the procedures followed in preparing the joint Registration Statement and review it carefully before it was disseminated, to confirm there are no material misstatements or omissions.

47. Defendants were, at the very least, negligent in preparing and reviewing the joint Registration Statement. The preparation of a joint Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the joint Registration Statement or failing to notice the material omissions in the joint Registration Statement upon reviewing it, which they were required to do carefully.

48.     The misrepresentations and omissions in the joint Registration Statement are material to Plaintiff, who will be deprived of his right to make an informed decision on the Proposed Transaction if such misrepresentations and omissions are not corrected.

49.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to cause.

## COUNT II

50.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51.     The Individual Defendants acted as controlling persons of NYCB within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of NYCB, and/or intimate knowledge of the incomplete and misleading statements contained in the joint Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of NYCB, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

52.     Each of the Individual Defendants was provided with, or had unlimited access to, copies of the joint Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of NYCB, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations

alleged herein and exercised the same. The joint Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

54. The joint Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

55. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

57. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to cause.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily enjoining Defendants and all persons acting in concert with them from consummating the Proposed Transaction, until Defendants disclose the material information discussed above which has been omitted from the joint Registration Statement;

B. Directing Defendants to account to Plaintiff for all damages sustained as a result of their wrongdoing;

      C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

      D.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 23, 2021

                       **GAINEY McKENNA & EGLESTON**

                       By:  */s/ Gregory M. Egleston*
                             Gregory M. Egleston
                       Thomas J. McKenna
                       501 Fifth Avenue, 19th Floor
                       New York, NY 10017
                       Tel.: (212) 983-1300
                       Fax: (212) 983-0383
                       Email: gegleston@gme-law.com
                       Email: tjmckenna@gme-law.com

                       *Attorneys for Plaintiff*